IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                     No. CR 10-1126 BB

JIMMY BACA,

        Defendant.

## COURT'S FINDINGS OF FACT
## AND APPLICABLE LAW
## ON SUPPRESSION

THIS MATTER came before the Court on Defendant's *Motion to Suppress Evidence* [doc. 10], and having reviewed the briefs of counsel and having held an evidentiary hearing on July 9, 2010, in Las Cruces, the following are the Court's findings of fact and conclusions of law:

### Findings of Fact

1.    On May 23, 2009, United States Forest Service Officers Casey Hutsell and Tim Bertrand were patrolling near Ruidoso, New Mexico.

2.    Officers Hutsell and Bertrand were traveling north on State Road 443, a main thoroughfare through the Lincoln National Forest. When they were approximately three tenths of a mile from the city of Ruidoso Downs, they spotted two cars legally parked in a turnout on the left hand side of the road.

3. **Various violations, including illegal dumping, shooting of guns, illegal firewood gathering, etc., had been reported in this general area of the Lincoln National Forest although Officer Bertrand could not recall discovering any prior criminal activities in this specific area and the officers were not then aware of any reports of suspected criminal activity in the area at the time.  (Tr. 85, 111-12, 120).**

4. **A red Toyota Corolla with Texas tags was facing in toward the embankment, and the other car, a black Pontiac TransAm, had been backed in and was facing out toward the roadway.**

5. **The Pontiac TransAm had two occupants.  The Toyota Corolla was empty.**

6. **Based on his prior police background, Officer Hutsell thought this configuration indicated a possible drug deal.**

7. **Officer Hutsell testified that the occupants of the car could see them approach, but made no evasive movements, and the officers saw no criminal activity.**

8. **As the two officers approached the occupied vehicle, the male in the driver's seat, later identified as Jimmy Baca, got out of the Trans Am, presumably to meet the officers, and was repeatedly told to return to his vehicle.  He did.**

9. **As Officer Hutsell got closer, he asked Mr. Baca to get out of the car in "a slightly elevated voice."  (Tr. 20).  Mr. Baca obeyed that order as well.  Officer Hutsell then told Mr. Baca to follow him to the back of the car, and Mr. Baca**

complied.  He told Mr. Baca to get his hand out of his pocket.  Mr. Baca again did as he was told.

10. Then Officer Hutsell began questioning Mr. Baca about his relationship with the woman in the car.  Mr. Baca said she was a "good friend."  (Tr. 21).  Mr. Baca became visibly agitated - pacing, wringing his hands, and swearing.

11. Mr. Baca specifically refused to allow Officer Hutsell to pat him down for weapons. Officer Hutsell asked twice and was refused both times. Mr. Baca told Officer Hutsell that he would have to get a warrant if he wanted to search him.

12. During this time, Officer Bertrand was beside the woman in the car.  Officer Bertrand did not note anything of concern while he was with the woman. Officer Hutsell testified that the woman was not in any distress.

13. Officer Hutsell then asked if there was any contraband in the car and if the officer could search the car, and Mr. Baca declined permission.  Mr. Baca continued to be agitated and upset, continuing to swear profusely.  After repeatedly refusing to permit Officer Hutsell to search his person, and after having refused the first request for consent to search the car, Mr. Baca was asked again for permission to search the car.  Mr. Baca finally said, "Yeah, go ahead."

14. A gun was found under the front seat of the car and Officer Hutsell stepped to frisk Mr. Baca, who then ran off.

**Any tendered Findings of Fact not included above are expressly rejected.**

## Discussion of Applicable Law

**The Fourth Amendment to the United States Constitution requires every search or seizure by an agent of the Government to be reasonable. However, not every encounter between the police and a citizen is a "seizure" within the meaning of the Fourth Amendment.** *United States v. Wallace*, **429 F.3d 969, 974 (10th Cir. 2005). A seizure occurs only when a reasonable person would not feel free to leave.** *Arizona v. Johnson*, **129 S. Ct. 781, 787, 818 (2009). Mr. Baca was seized when he was ordered back into his car three times, then out of his car, then to the rear of his car, then to remove his hand from his pocket, and he complied with each command.** *California v. Hodari D.*, **499 U.S. 621, 625 (1991) (seizure by police shown by police authority to which citizen submits);** *United States v. Salazar*, **609 F.3d 1059 (10th Cir. 2010) (same). After Mr. Baca denied consent to search his person and automobile repeatedly, he finally relented. This is also a sufficient assertion of police authority and compliance to constitute a legal seizure.** *See, e.g., Johnson v. Campbell*, **332 F.3d 199, 206 (3d Cir. 2003).**

**The question, then, becomes when, if ever, did Officer Hutsell develop a reasonable articulable suspicion that a crime had been or was being committed.** *United States v. Wood*, **106 F.3d 942, 947 (10th Cir. 1997). Generalized suspicions are**

4

insufficient. *Ybarra v. Illinois*, 444 U.S. 85, 92-93 (1979); *United States v. Laughrin*, 438 F.3d 1245, 1247-48 (10th Cir. 2006). Officer Hutsell had heard the area where the two cars were parked had been previously reported as a trouble spot and thought two cars parked in opposite directions might indicate a drug transaction. When he parked his car in front of the cars and approached on foot, two people were sitting in the TransAm talking. He thought they appeared "rigid and tense." (Tr. 17). (Officer Hutsell testified to later seeing a black canister in Mr. Baca's hand, but it was never located, and the Court has disregarded this testimony completely on creditability grounds.) At the time Officer Hutsell repeatedly ordered Defendant Baca into and out of his car and around to its rear, he had no articulable basis for a reasonable belief that any legal violations were occurring. This is a violation of Mr. Baca's Fourth Amendment right to be free from an unreasonable seizure.

*/s/ Bruce D. Black* _____
**BRUCE D. BLACK**
United States District Judge